**INTERSTATE WASTE SERVICES OF NEW JERSEY, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

Nos. 06–1181, 06–1247.

United States Court of Appeals, District of Columbia Circuit.

May 25, 2007.

638

Patrick M. Stanton, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., Morristown, NJ, for Petitioner.

Christopher W. Young, Attorney, Aileen A. Armstrong, Deputy Associate General Counsel, Fred Barry Jacob, Attorney, National Labor Relations Board (NLRB) General Counsel, Washington, DC, for Respondent.

Before: RANDOLPH, TATEL and BROWN, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This petition for review of a National Labor Relations Board order, and corresponding cross-application for enforcement, were considered on the record and briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C. CIR. R. 34(j). The court has determined the issues do not warrant a published opinion. *See* D.C. CIR. R. 36(b). It is

**ORDERED AND ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

Interstate Waste Services of New Jersey, Inc. ("Interstate Waste") challenges the representation election unionizing some of its employees. Our review of Board representation election decisions is deferential and focused on ensuring "appropriate and fair procedures." *Amalgamated Clothing & Textile Workers Union v. NLRB*, 736 F.2d 1559, 1564 (D.C.Cir.1984). But we also take some "responsibility for the reasonableness and fairness of Labor Board decisions," *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 490, 71 S.Ct. 456, 95 L.Ed. 456 (1951), requiring "reasoned decisionmaking" marked by candor and consistency, along with substantively reasonable findings of fact, *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 366–68, 372–77, 118 S.Ct. 818, 139 L.Ed.2d 797 (1998).

Interstate Waste claims a union observer made improper telephone calls to union officials during the election. But the record gives no indication that the phone calls interfered with employees' "free and untrammeled choice for or against a bargaining representative." *General Shoe Corp.*, 77 N.L.R.B. 124, 126 (1948) (establishing and explaining "laboratory conditions" standard for representation elections); *accord Pearson Educ., Inc. v. NLRB*, 373 F.3d 127, 130–31 (D.C.Cir.2004) (stating "clear and well-settled" principle that Board interrogates election conduct for whether "the challenged actions had a reasonable tendency to interfere with employee free choice"). Interstate Waste also claims the Board's hearing officer unjustifiably credited the union observer's testimony and improperly curtailed Interstate Waste's attempt to impeach the observer by showing he was on the union's payroll. But regardless of whether Interstate Waste should have been permitted to introduce such payroll evidence, the hearing

officer's credibility determination shows, based on our review of the record, care and reasoned judgment. *See Allentown Mack,* 522 U.S. at 377, 118 S.Ct. 818 (holding NLRB to "objective" standard of a "reasonable factfinder"); *Amalgamated Clothing & Textile Workers,* 736 F.2d at 1563 (noting deferential standard of review for hearing officers' credibility determinations). The same response holds for Interstate Waste's final claim, that another union observer (from a different union) was mistakenly excluded from the voting area. After evaluating the testimony in this case, the hearing officer concluded that the second union's observer failed to identify himself to the Board agent, and Interstate Waste has offered no plausible grounds on which to question this determination.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.